# United States Court of Appeals for the Fifth Circuit

_____

No. 24-10032
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES VANOVER,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CR-12-1

_____

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

James Vanover pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. On appeal, he argues that the stipulated factual basis was insufficient to establish a conspiracy, but he concedes it was sufficient to establish the substantive offense of possession of a controlled substance with

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

intent to distribute.  Because Vanover did not object to the sufficiency of the factual basis in the district court, we review for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

"The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc).  The agreement may be tacit, and a factfinder may infer the existence of an agreement from circumstantial evidence. *United States v. Crooks*, 83 F.3d 103, 106 (5th Cir. 1996).  Where plain error review applies, a court assessing the sufficiency of the factual basis "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Trejo*, 610 F.3d at 313.  This includes factual findings from the presentence report (PSR). *Id.* at 317.

The record contains sufficient evidence to support an inference of a conspiracy and of Vanover's knowing and voluntary participation in it.  The PSR states that Vanover provided funds to a co-conspirator to purchase methamphetamine, that he and a co-conspirator sold multiple ounce quantities of methamphetamine to others on several occasions, and that he traveled with a co-conspirator to another state to purchase methamphetamine.

Because we conclude there was no error, plain or otherwise, Vanover's conviction is AFFIRMED.